IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GARNELL DEWITT QUARTERMAN,    *
                              *
     Plaintiff,               *
                              *
     v.                       *    CV 421-063
                              *
SHERIFF JOHN WILCHER,         *
CAPTAIN HILL, the LT AND SGT  *
OVER THE UNIT, and THE OFFICER *
THAT WAS WORKING THE DORM,    *
                              *
     Defendants.              *

O R D E R

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 8.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

I.  BACKGROUND

Plaintiff's Complaint alleges that on April 25, 2020, he was assisting with cleanup for Dorm 6-B when another inmate, Gary Carr, asked him for a tablet. (Doc. No. 1, at 5.) Carr became angry when the tablet-holster failed to release the tablet. (Id.) He screamed profanities and banged on the door, threatening to assault Plaintiff. (Id.) When Plaintiff turned his back to alert the attending officer, Carr attacked him from behind. Plaintiff was largely unharmed due to his use of reflexive self-defense. (Id. at 7.) Plaintiff and Carr were both placed in the "hole" after the incident, and Plaintiff suffered some unstated exacerbation of a prior physical injury. (Id.)

Plaintiff stated that Carr's anger was known to be an issue with other detainees in the dorm. (Id. at 5.) However, he "seriously doubts" that the correctional officer intentionally unlocked the door so that Carr could attack him. Nonetheless, Carr was able to escape his cell, and therefore Plaintiff is concerned about his "mentle (sic) and physical detriment" going forward. (Id. at 6.) Plaintiff seeks no relief, but rather states that the officer who was present is a "nice lady," and he "hates to think of her d_____[1] (sic) for any of this," but that the event "warrant's (sic) attention for lack of future event's (sic)." (Id.)

---

[1] Plaintiff's hand-written Complaint reflects the use of white-out correction fluid here.

2

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers

3

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation marks omitted and alterations adopted); Rodriguez v. Sec'y for Dep't of Corrections, 508 F.3d 611, 616-17 (11th Cir. 2007). Failing to do so may constitute a failure to prevent harm in violation of the Eighth Amendment. Bowen v. Warden Baldwin State Prison, 826 F.3d 1312, 1320 (11th Cir. 2016). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison

4

officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

To state an Eighth Amendment claim premised on a failure to prevent harm, a plaintiff must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk, i.e., they both subjectively knew of the risk and also disregarded it by failing to respond in an objectively reasonable manner; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation. Bowen v. Warden Baldwin State Prison, 826 F.3d 1312, 1320 (11th Cir. 2016); see also Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga, 400 F.3d 1313, 1319-20 (11th Cir. 2005). As to the Defendant labeled "the officer that was working the dorm," Plaintiff has pleaded the opposite of these elements, and thus his claims must be dismissed. Although he alleges that Carr's aggressive behavior was well known, he affirmatively states that he does not believe the officer intentionally released Carr from his cell. (Doc. No. 1, at 5-6.) Thus, he contradicts any argument that the officer was deliberately indifferent or that she actually caused his injury. His claim against this officer is irrefutably baseless and must be dismissed.

As to the remaining Defendants, to state a claim, Plaintiff must plead facts demonstrating that culpable individuals (1) actually participated in the alleged constitutional violation, and that (2) there is a causal connection between the individual's

5

actions and the alleged constitutional violation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff failed to allege how Defendants Wilcher, Captain Hill, or "the Lt. and Sgt. Over the Unit" were complicit in a constitutional violation or caused his injury. In fact, he failed to mention them at all in his factual recitation. Thus, his claims against these Defendants fail as well.

### IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE